UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEALER SPECIALTIES, INC., *et al.*, | Case No. 1:15-cv-170 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| CAR DATA 24/7, INC., *et al.*, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND AWARD OF DAMAGES (Doc. 50)**

This matter is before the Court regarding Plaintiffs' motion for an award of damages against Defendant Ell J. Lindsey, which the Court interprets to be a motion for summary judgment on the issue of damages. (Doc. 50). Defendant Ell J. Lindsey did not file a response.

## II.  BACKGROUND

Plaintiffs filed a complaint on March 11, 2015, and a motion for preliminary injunction against all Defendants on March 12, 2015. (Docs. 1, 3). The parties agreed to a stipulated temporary restraining order on April 8, 2015. (Doc. 13). Defendants filed an amended answer that included a counterclaim on July 30, 2015. (Doc. 19). On November 6, 2015, the Court stayed the counterclaims of Defendants Gary Lindsey, Sherry Lindsey, and Car Data 24/7 Inc. pending the outcome of arbitration, although the counterclaims of Defendant Ell Jay Lindsey were allowed to proceed. (Doc. 27).

Plaintiffs filed a motion for summary judgment on their claims and on Defendant Ell Jay Lindsey's counterclaim on March 31, 2016. (Doc. 32). Following the filing of

1

that motion, counsel for Defendants filed a motion to withdraw from the case on April 21, 2016 (Doc. 34), which was granted. (*See* 5/3/16 Notation Order). Because Defendant Car Data 24/7 Inc. is a corporate entity, it was ordered to obtain new counsel and have counsel make an appearance by May 24, 2016. (*Id.*). Car Data 24/7 Inc. failed to obtain new counsel by the deadline and also failed to respond to the Court's related Order to Show Cause issued May 26, 2016. (Doc. 41).

On September 23, 2016, the Court granted Plaintiffs' motion for summary judgment against all Defendants. (Doc. 46). Defendants Car Data 24/7 Inc., Gary Lindsey, and Sherry Lindsey were enjoined from competing with Plaintiffs per the terms of the non-compete agreement they had previously signed. (*Id.* at 17–18). Additionally, Plaintiffs' claim against Defendant Ell Jay Lindsey was granted as to liability, and Ell Jay Lindsey's counterclaim was denied. (*Id.*).

On March 3, 2017, Plaintiffs filed the present motion for award of damages against Ell J. Lindsey, the lone remaining defendant. The motion purports to present affidavit evidence of the damages caused by Ell J. Lindsey's breach of contract. Ell J. Lindsey did not file a response.

### III.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the burden of showing the absence of

2

genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### IV. ANALYSIS

Plaintiffs offer affidavits from two witnesses to prove the damages claim. The first witness is Jeff Horner, a franchise manager working for Dealer Specialties, Inc., who presents an affidavit outlining the clients lost through Ell Jay Lindsey's breach of the non-compete agreement in this case, as well as the fees that those clients had generated for Plaintiffs in the seven years leading up to Ell Jay Lindsey's breach. (Doc. 50-2). The second witness, Steven Chapski, is a certified public accountant who presents an affidavit and report calculating the present value of the total economic damages caused by Ell Jay Lindsey's conversion of clients from Plaintiffs in violation of his non-compete agreement. (Doc. 50-1). Mr. Chapski has calculated the present value of the overall damages from Ell Jay Lindsey's breach of contract to be $2,560,063.66. (*Id.* at 5).[1]

The Court has reviewed the damages calculations from the affidavits offered by Plaintiffs and finds them to be a reasonable calculation of the damages caused by Ell J.

---

[1] The present value of damages offered in Mr. Chapski's report is for damages over a 5–year span from 2015–2020. This range was chosen because the existing business relationships the converted clients had with Dealer Specialties would have been set to expire in 2020 without the interference of Ell Jay Lindsey.

3

Lindsey's breach of the parties' non-compete agreement. In light of the reasonable nature of the calculated damages, and as Ell J. Lindsey has failed to raise any objection to the calculations or evidence to the contrary, the Court finds that a damages award of $2,560,063.66 against Ell J. Lindsey and in favor of Plaintiffs is appropriate.

In his answer to the complaint in this case, Ell J. Lindsey raised several affirmative defenses relating to the issue of damages. However, he has failed to provide any evidence to support these defenses, and the Defendant bears the burden of proof with regards to an affirmative defense. *Shonac Corp. v. Maersk, Inc.*, 159 F.Supp.2d 1020, 1031 (S.D. Ohio 2001). Accordingly, Ell J. Lindsey has forfeited his affirmative defenses, and the Court holds them to be without merit.

## V. CONCLUSION

Accordingly, for these reasons, Plaintiffs' motion for damages, which is construed by this Court as a motion for summary judgment, is **GRANTED.** A judgment of $2,560,063.66 is awarded in favor of Plaintiffs and against Defendant Ell J. Lindsey. The Clerk shall enter judgment accordingly, whereupon this case shall be **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

Date: 4/26/17

Timothy S. Black
United States District Judge